Endorsed, “For value received, we assign this note to Plymouth State Bank of Plymouth, Indiana, payment guaranteed, protest waived,” signed by payees. Assigned October 25, 1902.
The answer avers that on January 3, 1903, Jerome Hollopeter brought an action in attachment against the Bollmans before Justice Dow, in which action the defendants were served as garnishees. Defendants Bollman having been notified, on February 20, 1903, the justice rendered a judgment in favor of the plaintiff against the defendant therein, in the sum of $100 *275 and costs, and ordered the defendants as garnishees therein to pay $112.50 into the court to be applied on said judgment and costs, and again on July 18, 1903, defendants complied with said order; that the only indebtedness of defendants to Boll-mans was upon said note, and at the time the justice made said order, they had no notice of the assignment by the payees; that defendants on July 25, 1903, tendered payment of $502.87 to plaintiffs attorney, the amount then claimed by defendants to be due thereon. The assignment claimed was never entered on record.
To this a general demurrer has been filed, and this cause is submitted for final determination thereon.
Section 6489, Revised Statutes, authorizes an attachment against any property of the defendant in a civil action before a justice of the peace upon filing an affidavit as provided by such section, and Section 6498, Revised Statutes, authorizes garnishee proceedings where a person has property in his possession belonging to the defendant when it can not be reached by the constable.
Section 6500, Revised Statutes, requires the garnishee to appear and answer all questions touching any property or credits of the defendant in his possession or under his control, and disclose the amount, if any, owing by him to the defendant, etc.
Section 6501, Revised Statutes, provides that the garnishee may pay the money owing the defendant, or so much thereof as the court shall order, into court, and then he will not be liable to the defendant for the money so paid.
Section 6504, Revised Statutes, provides that if he shall fail to comply with the order of the justice and pay the money owing the defendant into court, the plaintiff may proceed against him by action, in which action the garnishee can make all defenses he could have made if the action had been brought by the defendant in attachment.
Actions in attachment and garnishment had no existence at eommon law, but are the creature of the statutes, and when such action is brought against the garnishee, and only then, is he authorized to call witnesses and take testimony to controvert the legality of the order, on his indebtedness to the de *276 fendant in attachment, and when he wishes to be fully protected, this is his only safe course. He can then take the testimony of all persons claiming an interest, and, if necessary, have them made a party an'd fully determine whether at the time of service he owed the defendant in attachment or whether the claim had been transferred.
E. P. Chamberlain, for plaintiff.
Hamilton Bros., for defendants.
The answer herein admits that at the time the order of the justice was made, the plaintiff was the owner and holder thereof, by assignment from the Bollmans, but avers that at the time the order of the justice was made, it had no knowledge of such assignment. There appears to have been two orders made by the justice against the defendants, one on February 20, 1903, and one on June 23, 1903, but the defendants did not comply with such orders until July 18, 1903, and the answer contains no averment that at the time of such payment, they had no such knowledge.
On June 23 the note was not due and not until July 5, 1903, and the presumption is that- by July 18, 1903, thirteen days after its maturity, .the defendants had knowledge of the claim of the plaintiff, especially when they do not aver the want of such knowledge. I think that the answer is defective in not averring that at the time of complying with the order of the justice, to-wit, on July 18, 1903, they had no knowledge of the assignment to the plaintiff, and for want of such averment the demurrer of plaintiff to defendants’ answer is sustained and judgment entered against defendants for the full amount claimed.